IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Clarence Haines,                      :

     Plaintiff,                      :

  v.                                  :        Case No. 2:11-cv-974

Franklin County Sheriff               :        JUDGE EDMUND A. SARGUS, JR.
Department, et al.,                            Magistrate Judge Kemp
                                      :
     Defendants.

ORDER

    On January 7, 2013, plaintiff Clarence Haines moved for leave to name an expert and for a sixty-day extension of time to produce an expert report.  That motion was necessary because, in its initial Rule 16 order, the Court set a date of October 5, 2012 for primary experts to be disclosed, along with full reports from any such experts.  Mr. Haines did not meet that date other than to state that he would be retaining an expert on certain subjects.  Of course, since he had no expert on that date, he did not provide an expert report.

    Defendants have filed an opposing memorandum, arguing that Mr. Haines has not met the "good cause" standard (see Fed.R.Civ.P. 16(b)) for obtaining an extension of the expert disclosure date.  Mr. Haines has replied.  For the following reasons, the Court grants his motion.

I.

    There is no question that, in order to obtain relief from a deadline set in an order issued pursuant to Fed.R.Civ.P. 16(b), the party asking for an extension must show good cause.  That good cause showing usually takes the form of evidence that, despite the exercise of reasonable diligence, the party was

unable to meet the date. Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). Although lack of prejudice to the opposing party is also a consideration, it is not the deciding factor. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Here, as more fully set forth in the reply memorandum, plaintiff had contacted an expert on police procedures well in advance of the October 5, 2012 deadline. However, counsel asserts that due to the fact that the mediation in this case was continued from June, 2012 to December, 2012; given his belief that the videotape of the incident underlying this case (a use of force by Franklin County's Sheriff's deputies) makes out a good case for liability and, correspondingly, that this would be a case defendants would want to settle; and given that the cost of retaining an expert would, in counsel's words, "change the settlement playing field for both sides," see Doc. 31, at 3, he elected to forego the formal retention of the expert and the preparation of the report until after the December, 2012 settlement conference. The question is whether this course of events satisfies Rule 16's good cause standard.

One court has observed that "counsel's misplaced optimism [about the prospects for settlement] does not equate to good cause under Rule 16(b)." Home Design Services, Inc. v. Trumble, 2010 WL 1435382, *10 (D. Colo. April 9, 2010). That court has described the strategy of deferring costly discovery, such as depositions, until after a settlement conference as justifying an extension of Rule 16 deadlines "[o]nly in the rarest of cases ...." Id., quoting Arnold v. Krause, 58, 65-66 (W.D.N.Y.2004)(which, in turn, was quoting Lory v. General Electric Co., 179 F.R.D. 86, 88 (N.D.N.Y.1998)). However, other courts have been somewhat more liberal in granting extensions under these circumstances, especially if the case is not one

-2-

"where a litigant has conducted little or no discovery and, when faced with an imminent discovery deadline, has offered the tepid excuse that it was attempting to settle the case." Cut-Heal Animal Care Products, Inc. v. Agri-Sales Associates, Inc., 2009 WL 305994, *2 (N.D. Tex. Feb. 9, 2009). See also Oliver v. M/V Barbary Coast, 2012 WL 642342 (S.D. Ala. Feb. 28, 2012)(extending deadlines where delays due to efforts to settle were more than mere speculation).  What these and other cases teach is that any decision to extend deadlines under these circumstances must be made on a case-by-case basis, and that the Court must use sound and practical judgment in deciding if a party has been sufficiently diligent to justify extending the case schedule.

It would certainly have been better practice if plaintiff's counsel had timely notified opposing counsel and the Court of his intent to defer the expense of an expert until after the completion of initial mediation efforts.  It was perfectly reasonable for that expense to be deferred pending the June, 2012 settlement conference, since the October date was still some months away, but when it became evident that the case would not settle then and the mediation was reset for December, counsel should not have simply let the date pass.  Had the matter been raised with opposing counsel on or before the October deadline, a discussion about amending the schedule could have occurred, and if that discussion did not result in an agreement, the Court could have been contacted.  That way, the Court would have been in a position to determine whether an extension was warranted in light of the case's settlement prospects, and if settlement was not terribly likely, the case could have been kept on schedule. When counsel made the decision unilaterally and communicated it well after the fact, counsel deprived the Court of the opportunity to manage the case schedule in light of the prospects of settlement.  It goes without saying that it is a risky

strategy to assume that if counsel fully explains his reasoning, even several months after the deadline has passed, the Court will see the wisdom of an extension.

    The Court does see the logic in counsel's approach to this case, but just barely.  If not for the strong evidence submitted that counsel had already contacted an expert by the deadline and had disclosed an intent to use that person on various issues, and if not for the fact that the expert's report can be prepared and served expeditiously, the Court would be inclined to deny the motion, which would potentially leave the plaintiff in a difficult position.  In the future, these and other parties are cautioned that part of this Court's good cause inquiry will consist of whether matters impacting the Court's schedule have been raised in a timely fashion.  However, the Court chooses not to impose that rule in this case in order to advance a determination of the case on its merits.  Thus, although the failure to bring the scheduling issue to the Court's attention can be described as lack of diligence, because it is likely the Court would have been receptive to a continuance of the deadline for the reasons given had it been made before October 5, 2012, the Court will grant that extension now.

    Consequently, plaintiff's motion for leave to name an expert (Doc. 29) is granted.  Plaintiff shall disclose his expert report by April 1, 2013.  Any opposing expert report shall be disclosed by May 15, 2013.  All discovery shall be completed by July 15, 2013, and dispositive motions are due by August 31, 2013.  No further extensions of these dates will be granted unless a showing of extraordinary cause is made, and only if such circumstances are brought to the Court's attention in a timely manner.

    Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for

reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

     This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge